IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUHAMEL BROADCASTING ENTERPRISES,<br><br>        Plaintiff,<br><br>    v.<br><br>MARKEL AMERICAN INSURANCE,<br><br>        Defendant. | 8:06CV357<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant Markel American Insurance Company's ("Markel") motion to dismiss for lack of subject matter jurisdiction and motion to take judicial notice of filings in other cases, Filing No. 43 (reasserting Filing No. 29). Markel asserts that this court lacks jurisdiction because Duhamel's complaint fails to allege the existence of an actual case or controversy. Markel contends that Duhamel's action is not ripe for adjudication. Markel additionally moves the court to take judicial notice of filings in *Duhamel Broadcasting Enters. v. Structural Sys. Tech., Inc.,* No. 8:03CV47 (D. Neb.) ("the Underlying Action"), *Fireman's Fund v. Structural Sys. Tech., Inc.,* No. 8:03CV341 (D. Neb.), and *Structural Sys. Tech. v. National Fire and Marine, et al.,* No. 8:04CV194 (D. Neb.) ("the Coverage Actions") when considering its motion to dismiss.

I. BACKGROUND

The records in those cases show that Duhamel obtained a judgment against Structural Systems Technology, Inc. ("SST") in the amount of $3,239,243.01 for damages arising out of the collapse of a television transmission tower owned by Duhamel. *See* Underlying Action, Filing No. 68, Order and Judgment (D. Neb. June 8, 2005). The court

subsequently determined, in the Coverage Actions that Fireman's Fund, Great American E&S Insurance Company, and National Fire and Marine Insurance Company provide coverage for SST's liability. *See* Coverage Actions, Filing No. 77 in 8:03CV341 and Filing No. 140 in 8:04CV194, Memoranda and Orders at 26-32. The court found each of those insurers liable for a pro-rata share of the judgment up to its single occurrence limits. *Id.,* Memoranda and Orders at 32. The court denied leave to join Markel as an indispensable party in the Coverage Actions finding that Markel's excess or umbrella policy would not come into play until all primary coverage was exhausted. *See* Filing No. 131 in 8:04CV194 and Filing No. 72 in 8:04CV194. The appeal time has not yet run on the judgment in the coverage action. *See* Filing Nos. 101 in 8:03CV341 and 185 in 8:04CV194, Orders denying motions to alter or amend. Fireman's Fund has signaled an intent to appeal by filing for extensions of time in which to do so. *See* Filing No. 60 in 8:04CV194 and Filing No. 87 in 8:03CV341.

In its amended complaint in the present case, Duhamel seeks a determination of its rights and responsibilities under a commercial umbrella liability policy issued to SST. Filing No. 40, amended complaint, Ex. 1. Markel has answered the amended complaint and denies coverage.[1] Filing No. 41, amended answer at 4.

The record in this case shows that no payment has been made or tendered on the judgment against SST. *See* Filing No. 33, Index of Evidence, Affidavit of David A. Blagg ("Blagg Aff.") at 2. In addition, the evidence shows that Markel has reserved its right to deny coverage. *See id.,* Blagg Aff., Ex. 2, Letter of May 26, 2005, to Fred W. Purdy.

---

[1] Markel asserts lack of subject matter jurisdiction as an affirmative defense in its answer.

II.  DISCUSSION

A court may properly take judicial notice of other proceedings in its court. *Kern v. Tri-State Ins. Co.,* 386 F.2d 754, 756-57 (8th Cir. 1967). Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir.1993). A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637, n.4 (8th Cir. 2003).

For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction. *Gebhardt v. ConAgra Foods, Inc.,* 335 F.3d 824, 829 (8th Cir. 2003); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 (8th Cir. 2003) (noting that facial attack on the pleading under Rule 12(b)(1) is subject to the same standard as a motion brought under Rule 12(b)(6)). In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.* This court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" in a factual jurisdictional challenge. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude

the court from evaluating for itself the merits of jurisdictional claims. *Id.* The plaintiff has the burden of proving that jurisdiction does in fact exist. *Id.* at 730.

The Declaratory Judgment Act is a procedural statute providing an additional remedy in cases in which federal courts already have jurisdiction and should be given a liberal interpretation. *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123,* 137 F.2d 176, 179 (5th Cir. 1943). "Proceedings under the Declaratory Judgment Act are governed by the same pleading standards that are applied in other federal civil actions." Charles Alan Wright & Arthur R. Miller, 5 Federal Practice & Procedure (Civil) § 1238 at 285 (3d ed. 2006). The plaintiff must allege a "justiciable controversy" in order to state a claim for declaratory relief. *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273-74 (1941); *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-42 (1937). The complaint must disclose "a legal right, relation, status, or interest claimed by plaintiff over which a dispute with the defendant has arisen." *Paper Carriers Union No. 450 v. Pulitzer Pub. Co.,* 309 F.2d 716, 718 (8th Cir. 1962). In order to present a "controversy," a question must not be abstract but must define an issue that is concrete and specific. *Cass County v. United States,* 570 F.2d 737, 740 (8th Cir. 1978).

Courts have consistently allowed insurers to sue insureds—prior to resolution of the underlying action—in order to obtain a declaration of coverage. *See, e.g., Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. at 273-74; *Capitol Indem. Corp. v. Miles,* 978 F.2d 437, 438 (8th Cir. 1992) (noting that with demand and refusal, "[t]he lines are drawn, the parties are at odds, the dispute is real"). A clear demand for payment of defense and indemnity cost under an insurance policy and the dispute of those demands by an insurer presents a "live justiciable controversy between the parties sufficient to invoke the

4

jurisdiction of the district court," even in the absence of an underlying judgment on liability. *Aetna Cas. and Sur. Co. v. General Dynamics Corp,* 968 F.2d 707, 711 (8th Cir. 1992).

### III.  ANALYSIS

The court first finds it appropriate to take judicial notice of the filings in related cases in this court. Those filings have been considered in connection with this motion.

The court also finds that this court has subject matter jurisdiction over Duhamel's action. Duhamel's amended complaint states a claim for declaratory relief to determine and enforce its coverage under the policy at issue. The amended complaint alleges that Duhamel is covered under a policy of insurance. Duhamel has shown that Markel disputes the coverage. Markel's denial that its policy provides coverage, excess or otherwise, for SST's liability presents the controversy which is the subject matter of the current action.

Duhamel has also shown that it has not yet recovered from the primary insurers and that an appeal of this court's findings on coverage is likely. Based on its familiarity with the underlying action and the coverage action, the court finds that a reversal of this court's findings on either coverage or the apportionment of coverage could trigger Markel's liability, if any, under the umbrella policy. Only if this court's findings were affirmed as to all insurance companies, would there be coverage adequate to satisfy the judgment against SST. The actions present substantial issues and the probability that the related actions will be affirmed on appeal cannot be quantified. Duhamel alleges a definite and concrete controversy about coverage that is appropriate for judicial determination. Accordingly, Markel's motion to dismiss should be denied.

IT IS ORDERED that:

1. Defendant's motion to dismiss and to take judicial notice (Filing No. 43 (reasserting Filing No. 29)) is granted in part and denied in part.

2. Defendant's motion for judicial notice is granted.

3. Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

DATED this 11th day of December, 2006.

                            BY THE COURT:

                            s/ Joseph F. Bataillon
                            JOSEPH F. BATAILLON
                            Chief United States District Judge